UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH E. TOZIER,

    Plaintiff,

vs.                               CASE NO.: 8:10-cv-2750-VMC-EAJ

CITY OF TEMPLE TERRACE, CITY OF
TEMPLE TERRACE POLICE DEPARTMENT,
MICHAEL HENSEL, ROBERT STALEY,
MICHAEL DESMARAIS, and MARCUS
HILEBRAND, *individually and in their
Official capacities,*

    Defendants.

_____/

## TEMPLE TERRACE DEFENDANTS' MOTION FOR SANCTIONS AND MEMORANDUM OF LAW

COME NOW, Defendants, CITY OF TEMPLE TERRACE, a Municipal Corporation of the State of Florida, the TEMPLE TERRACE POLICE DEPARTMENT, MICHAEL HENSEL, ROBERT STALEY, MICHAEL DESMARAIS, and MARCUS HILDEBRAND, all sued in both their Individual and in their Official Capacities (hereinafter collectively referred as the "TEMPLE TERRACE DEFENDANTS"), by and through their undersigned counsel and pursuant to Rule 11 (c), Fed. R. Civ. P., move for sanctions against Plaintiff, his counsel, Daniel K. Schaffner, Luke Lirot, Ann Allison and their respective law firms for violation of subdivision

(b) of said Rule 11 and of Section 57.105, Florida Statutes, through their conduct further described herein, and, in support of this motion, say as follows:

## STATEMENT OF THE CASE

On **November 19, 2010**, the Plaintiff filed his AMENDED COMPLAINT [DE#1] in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida, Civil Division.

On or about **November 22, 2010** the Plaintiff effected Service of the AMENDED COMPLAINT [DE#1] on the TEMPLE TERRACE DEFENDANTS.

On or about **December 8, 2010**, after being formally assigned this case by the Insurance Pool for the CITY OF TEMPLE TERRACE, upon receiving authorization from all the Defendants to represent them and proceed with their defense, the Defendants, by and through their undersigned counsel, filed their NOTICE OF REMOVAL with this Honorable Court and at the same time filed the proper Notices to the State Court and to the Plaintiff's counsel, and thus Removed this case to this Court.

On or about **December 10, 2010**, the TEMPLE TERRACE DEFENDANTS responded to the Plaintiff's AMENDED COMPLAINT [DE#1] with a Motion to Dismiss or in the alternative Motion for a more Definite Statement, which is currently pending before the Court.[1]

---

[1] TEMPLE TERRACE DEFENDANTS submit that argument contained in their Motion to Dismiss or in the alternative Motion for a More Definite Statement and Memorandum of Law (DE#4) herein further supports their Motion for Sanctions. In particular, those arguments concerning the sovereign immunity of the municipality, the lack of capacity of the Police Department to be sued, the lack of proper notice under F.S. 768.28, and the protections of the municipality from suit under that statute for malicious acts of employees as alleged, the extraneous and unsupported federal claims and the insufficiency of the conspiracy claims set forth in the Motion to Dismiss, additionally support this Motion for Sanctions and, therefore, are adopted by reference but not repeated here in the interest of conciseness.

The TEMPLE TERRACE DEFENDANTS have obtained *certified copy of* a Judgment and Sentence from the case file in the criminal case against Plaintiff, KEITH TOZIER a certified copy of which is attached hereto as Exhibit "A". This document reflects Plaintiff's plea of guilty to the crime of *Assault on a Law Enforcement Officer*, a misdemeanor of the first degree under Section 784.07, Florida Statutes, in the criminal case against the Plaintiff. Based on this plea, Defendants believe the AMENDED COMPLAINT [DE#2] and allegations therein violate the provisions of Rule 11, Fed. R. Civ. P., and Section 57.105, Fla. Stat. Thus, the Defendants submit this Motion for Sanctions.

## STANDARD OF REVIEW

In considering a motion for sanctions pursuant to Rule 11, Fed.R.Civ.P., a court generally conducts a two-step inquiry: (1) whether the party's claims are objectively frivolous in view of the facts or law; and (2) whether the person who signed the pleadings should have been aware that they were frivolous, in other words, whether he would have been aware had he made a reasonable inquiry. Byrne v. Nezhat, 261 F.3d 1075, 1105 (11th Cir. 2001); Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996); Jones v. Int'l Riding Helmets, Ltd, 49 F.3d 692, 695 (11th Cir. 1995). A statement is frivolous if it obviously lacks merit, 2 Moore's Federal Practice § 11.11[5] (3d ed.2009). As to the second element, courts must "*avoid using the wisdom of hindsight*" and "*test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.*" Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987). Whether an inquiry is *reasonable* may depend on such factors as: (1) how much time for investigation was available to the signer; (2) whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; (3) whether

the pleading, motion, or other paper was based on a plausible view of the law; <u>or</u> (4) whether he depended on forwarding counsel or another member of the bar. <u>Id.</u> at 1556.

**The purpose of Rule 11 sanctions** is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers. Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001). *"Sanctions may be imposed on the attorney, law firm, or party if Rule 11 is violated, the offending party is provided with an opportunity to withdraw the objectionable pleading and fails to do so, and a motion for sanctions is filed with the court."* Lee v. Mid-State Land & Timber Co., Inc., 285 F.Appx. 601, 608 (11th Cir. 2008) (citing Rule 11(c), Fed.R.Civ.P. 11).

## CLAIMS AND ALLEGATIONS

Plaintiff, KEITH TOZIER alleges that or about June 24, 2006, he was arrested by police officers of Defendant TEMPLE TERRACE. (DE#1, para. 15-73). TOZIER alleges that he was charged with *"aggravated battery on a law enforcement officer with a deadly weapon and . . . resisting arrest without violence,"* and was prosecuted by the State Attorney on those charges. (DE#1, para. 62 and 73). Plaintiff further asserts that *"on December 4, 2008, the original charge of aggravated battery on a law enforcement officer was reduced with adjudication withheld."* (DE#1, para. 94). What the Plaintiff omits from his averring in his AMENDED COMPLAINT [DE#2] allegations is that on that same date, TOZIER, with his then criminal defense attorney Luke Lirot (and current Plaintiff's co-counsel) present with him, entered a plea of Guilty to the lesser charge of **Assault on a Law Enforcement Officer**, as is reflected on the Judgment and Sentence, a certified copy of which is attached hereto as Exhibit "A".

On or about November 19, 2010, Tozier commenced this civil action against the TEMPLE TERRACE DEFENDANTS by filing his AMENDED COMPLAINT (DE#2)

4

containing the following counts: "COUNT I : VIOLATIONS of 42 U.S.C. §1983 FALSE ARREST" (DE#1, ¶ 82- 99); "COUNT II: VIOLATIONS of 42 U.S.C. §1983 FALSE DETENTION-CONFINEMENT-IMPRISONMENT"(¶ 100-104); "COUNT III: VIOLATIONS of 42 U.S.C. §1983 EXCESSIVE FORCE/BRUTALITY." (¶ 105-114); "COUNT IV: VIOLATIONS of 42 U.S.C. §1983 :CONSPIRACY TO VIOLATE CIVIL RIGHTS." (¶ 115-117 ); "COUNT V: REFUSING OR FAILING TO PREVENT-FAILURE TO TRAIN/SUPERVISE DELIBERATE INDIFFERENCE." (¶ 118-123); "COUNT VI: MALICIOUS PROSECUTION." (¶ 124-141); "COUNT VII: MALICIOUS ABUSE OF PROCESS." (¶ 142-160); "COUNT VIII: FALSE ARREST CONFINEMENT & IMPRISONMENT." (¶ 161-176); "COUNT X: CONSPIRACY"; (¶ 177-194); wrongly numbered "COUNT XII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS." (¶ 195-213); wrongly and redundantly numbered "COUNT XII: TRESSPASS/INVASION." (¶ 214-226) : wrongly numbered and redundant; "COUNT XIII: TRESSPASS/INVASION." (¶ 227-238); and wrongly and redundantly numbered "COUNT XIII - ASSAULT - BATTERY" (¶ 239-252); and, finally and mercifully, wrongly numbered "COUNT XIV-DAMAGES." (¶ 253-267).

Most, or all of the Plaintiff's claims in this lawsuit are predicated upon his assertions that his arrest on June 24, 2006 and his prosecution on charges stemming from that arrest were not based upon *probable cause* (see, e.g.," ¶ 96 and 137). A fact that is obviated by his plea of Guilty to *Assault on a Law Enforcement Officer*, in violation of Section 784.07, *Florida Statutes*.

**ISSUES BEFORE THE COURT:**

5

Whether the Plaintiff's AMENDED COMPLAINT [DE#2] and the allegations therein violate Rule 11 (b) , Federal Rules of Civil Procedure and the provisions of Section 57.105, Florida Statutes, warranting sanctions.

## ARGUMENT

On December 4, 2008, the Plaintiff, KEITH TOZIER, entered a plea of **guilty** to a charge of **assault on a law enforcement officer** arising from TOZIER's arrest on June 24, 2006. Under Section 784.011, *Florida Statutes* , *"[a]n 'assault' is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."* Section 784.07 (e)(2)(a), *Florida Statutes*, provides that an **Assault on a Law Enforcement Officer** is a misdemeanor of the first degree.

Under Florida law, TOZIER's plea of "Guilty" to the crime of **Assault on a Law Enforcement Officer** constitutes a "conviction" even though adjudication of guilt was withheld. Behm v. Campbell, 925 So.2d 1070, 1072 (Fla. 5th DCA 2006) (no contest plea constituted conviction under Florida law even though adjudication was withheld barring false arrest and battery claims stemming from the arrest). In reaching this conclusion, the state appellate court relied upon Section 960.291 (3), *Florida Statutes* (2006), which has remained unchanged and defines a conviction as *"a guilty verdict by a jury or judge, or a guilty or nolo contendere plea by a defendant, regardless of adjudication of guilt."* See generally Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir.1983) (*"A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise."*).

6

**A judgment of conviction** is conclusive evidence of *Probable Cause*, unless the judgment was obtained by fraud, perjury, or other corrupt means. Behm *supra* at 1072, citing Moody v. City of Key West, 805 So.2d 1018 (Fla. 3d DCA 2001); Carter v. City of St. Petersburg, 319 So.2d 602 (Fla. 2d DCA 1975). Here, as in Behm, there is no evidence or even an allegation that TOZIER's plea was obtained by any corrupt means. Thus, TOZIER's conviction through his "Guilty" plea to Assault on a Law Enforcement Officer establishes *Probable Cause* for his arrest.

**The existence of *Probable Cause*** is an absolute bar to a *False Arrest* claim. Rushing v. Parker, 599 F.3d 1263, 1265 (11th Cir.2010); Von Stein v. Brescher, 904 F.2d 572, 584 n. 19 (11th Cir.1990); LeGrand v. Dean, 564 So.2d 510, 511 (Fla. 5th DCA 1990). Under Florida law, a conviction conclusively establishes the existence of probable cause for that arrest. Ware v. United States, 971 F.Supp. 1442, 1465 (M.D.Fla.1997) (citing Padrevita v. City of Lake Worth, 367 So.2d 739, 742 (Fla. 4th DCA 1979)). See also Shank v. Spruill, 406 F.2d 756, 757 (5th Cir.1969) (holding an arrest must be viewed as proper and lawful when followed by a conviction).

Likewise, Plaintiff's claims of *Malicious Prosecution* and *Abuse of Process* are barred, as they also rely upon the claim of absence of Probable Cause. See also, Sharp v. City of Palatka, 529 F.Supp.2d 1342, 1350-51 (M.D. Fla. 2007) and Williams v. Miami-Dade Police Dept., 297 Fed. Appx. 941, 946-947 (11th Cir. 2008) (discussing absence of probable cause as an element of malicious prosecution claims and § 1983 claims founded on malicious prosecution.) Failure to establish any of the elements of *Malicious Prosecution* is fatal to the claim. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1355 (Fla. 1994) Similarly, the *Battery* claim of Tozier is foreclosed. See Ojegba v. Murphy, 178 Fed. Appx. 888 (11th Cir.2006) (excessive use of force

claim for use of pepper spray, beating and choking while effectuating arrest was barred by plaintiff's "Alford plea").[2]

Because TOZIER has pled "Guilty" to the offense of Assault on a Law Enforcement Officer in his criminal prosecution, he is legally barred from claiming that he was Falsely Arrested on June 24, 2006, and his allegations that his arrest and prosecution were without Probable Cause and the force used during the arrest was not privileged are not warranted by existing law and lack evidentiary support. The existence of probable cause forecloses Plaintiff's claims under Counts I, II, IV, VI, VII, VIII, X, XII, XIII and the second misnumbered Count XIII at a minimum. Although several of the counts are pled under rubrics such as "Malicious Abuse of Process," "Tresspass/Invasion," and "Conspiracy,"[3] it is clear that they also lack support if *Probable Cause* exists by reason of the Plaintiff's guilty plea. See e.g., Behm, *supra*, 925 So.2d at 1073 (guilty plea foreclosed trespass claim); Moody v. City of Key West, 805 So.2d at 1022-23 (discussing pursuit justifying entry of home to arrest); Carter v. City of St. Petersburg, 319 So.2d at 603 (discussing conviction as a bar to malicious prosecution claims)[4]; Epstein v. Toys-R-Us Delaware, Inc., 277 F.Supp.2d 1266 (S.D. Fla.2003), *affirmed*, 116 Fed.Appx. 241 (11th Cir. 2004) (state law claims for false arrest/false imprisonment foreclosed where plaintiff had pled "no contest" to a charge of Resisting Arrest without violence arising from the incident); S & I Investments v. Payless Flea Markets Inc., 36 So.3d 909, 917-918 (Fla. 4th DCA 2010) (discussing the elements of the tort abuse of process) (Plaintiff alleges in

---

[2] This is a Guilty plea accompanied by an assertion of innocence. *See* North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

[3] ¶ 116 of Plaintiff's Amended Complaint (DE#1) alleges false arrest.

[4] It should be noted that under 768.28 (9), Fla.Stat., the municipal Defendant is immune from liability for the malicious acts of employees within the scope of their employment. Also, the individual Defendants who are entitled to *qualified immunity* for §1983 claims, need only establish *arguable probable cause*. See Sharp v. City of Palatka, 529 F. Supp. 2d 1342 (M.D. Fla. 2007).

8

paragraph 156 of the Amended Complaint that the defendants' motive for abuse was " *to support an arrest they made without probable cause.* ")

Furthermore, in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L Ed. 2d 383 (1994), also cited by the Behm court, the Supreme Court held that a plaintiff could not bring an action under §42 U.S.C. 1983 after conviction of a criminal offense stemming from the same act that is the basis of the civil lawsuit where the civil action would undermine the criminal conviction. A False Arrest claim under § 1983 arises where a police officer arrests somebody without probable cause or a warrant. Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir.2010). The *"existence of probable cause at the time of arrest constitutes an absolute bar to a Section 1983 action for false arrest."* Case v. Eslinger, 555 F.3d 1317, 1326-27 (11th Cir. 2009) (quotations and citation omitted). Under the principles articulated in Heck v. Humphrey, TOZIER cannot pursue this civil action claiming False Arrest and lack of probable cause without challenging the validity of his plea and conviction in the criminal case stemming from his June 24, 2006 arrest.

Both Rule 11, Fed. R. Civ. P.,[5] and section 57.105,[6] *Florida Statutes*, address the presentation to the courts of claims that are not legally and factually supported and provide

---

[5] Rule 11, in pertinent part, provides as follows:

(a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.
(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

sanctions for raising such claims. As demonstrated through Defendants' analysis herein, Plaintiff, through his counsel, has raised such claims which cannot be supported under the

---

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
(c) SANCTIONS.
(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
(5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:
(A) against a represented party for violating Rule 11(b)(2); or
(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.
(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

[6] Section 57.105, Fla. Stat., reads in part as follows:
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

applicable law. Mr. Tozier's Amended Complaint (DE#1) is replete with claims and allegations that violate both Rule 11 and Section 57.105, *Florida Statutes*.

TOZIERS claims of False Arrest, Malicious Prosecution, Trespass, Conspiracy and Battery, as well as his claims under 42 U.S.C. §1983 predicated upon the same conduct (i.e., false arrests, etc.) are objectively frivolous in view of the facts or law, because the fact is that he pled "Guilty" to a misdemeanor crime under Florida law stemming from the arrest. His plea constitutes a conviction under Florida law and is conclusive proof of probable cause for his arrest, prosecution, etc. The existence of Probable Cause establishes the validity of the arrest and prosecution and forecloses claims, which rely upon the nonexistence of probable cause as an element, including Section 1983 claims.

There was ample time for the TOZIER and his counsel to know of the frivolousness of his claims if reasonable inquiry had been made. Plaintiff pled "Guilty" on December 4, 2008 and his counsel, Luke Lirot, Esq., was present (and is co-counsel to the Plaintiff before this Court). Plaintiff did not file his AMENDED COMPLAINT [DE#2] herein until November 22, 2010. None of the Plaintiff's counsel had to rely on the Plaintiff for the facts, as the criminal case file was as available to them as to the Defendants, and Mr. Lirot represented Plaintiff in the criminal case. Yet, in November of 2010, Plaintiff's then primary counsel, Daniel K. Schaffner, Esquire, signed and submitted the AMENDED COMPLAINT [DE#2] alleging various facts showing that he had a detailed knowledge of the Sentence and Judgment (containing the guilty plea) in the criminal case. See, e.g. paragraph 94, Amended Complaint (DE#2). Counsel Schaffner, along with Plaintiff's current counsel of record Ann M. Allison, Esquire, along with Luke Lirot, Esquire, have continued to advocate the claims and allegations contained in the AMENDED COMPLAINT [DE#2], defending the AMENDED COMPLAINT against

11

Defendants' Motions herein. Thus, the Defendants seek sanctions against Plaintiff and his counsels and their respective law firms, and requests that this Honorable Court award attorney fees and costs associated with the preparation of this Motion for Sanctions and that the Court dismiss with prejudice those claims of the Plaintiff found to be in violation of Rule 11 (b).

## CERTIFICATE OF COMPLIANCE

In compliance with Local Rule 3.01(g), the undersigned counsel hereby certifies to this Honorable Court that the undersigned counsel has conferred with the Plaintiff's counsels via prior service of this MOTION FOR SANCTIONS, as required by Rule 11, Fed.R.Civ.P. (effected this date), and is, as of this date, awaiting the 21 day Response of said Plaintiff's counsels.

WHEREFORE, Defendants, CITY OF TEMPLE TERRACE, a Municipal Corporation of the State of Florida, the TEMPLE TERRACE POLICE DEPARTMENT, MICHAEL HENSEL, ROBERT STALEY, MICHAEL DESMARAIS, and MARCUS HILDEBRAND, all sued both in their Individual and in their Official Capacities, respectfully request that, for the reasons set forth above, that this Honorable Court Grant their Motion for Sanctions and impose such sanctions as are deemed appropriate and just, including, but not limited to attorney fees and costs associated with the preparation and prosecution of this motion and dismiss Plaintiff's unfounded claims, and for such other relief to Defendants as this Court deems appropriate.

Respectfully submitted,

_____
John A. Malkholm, Esquire

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing has been furnished via Fax and Fed-Ex to: **Ann M. Allison, Esquire**, (co-counsel for Plaintiff), 111 S. Riverhills Drive, Temple Terrace, FL 33617, and to: **Luke Lirot, Esquire**, (co-counsel for Plaintiff), *Luke Charles Lirot, P.A.*, 2240 Belleair Road, Suite 190, Clearwater, Florida 33764; and via Fed-Ex to: **Daniel K. Schaffner, Esquire**, (co-counsel for Plaintiff), 839 B Keene Road, Clearwater, FL 33755 this 12th day of **July, 2011**

John A. Makholm, Esquire
Florida Bar No.: 463302
*The Makholm Law Group*
696 – First Avenue North, Suite #205
St. Petersburg, Fl. 33701-3610
Telephone: (727) 823-5100
FAX: (727) 823-5114
E-Mail: makholm@verizon.net
Attorneys for the "Temple Terrace Defendants",
*Defending Those Who Protect Us!*

# Exhibit "A"

IN THE CIRCUIT COURT IN AND FOR
CRIMINAL DIVISION (FELONY)

STATE OF FLORIDA
VS.
KEITH EARLAND TOZIER

AKA(S): NO AKA NAMES ON FILE

INSTRUMENT#: 2008424290, O BK 19000
PG 1004-1005 12/11/2008 at 09:54:38 AM,
DEPUTY CLERK: TJORDAN Pat Frank, Clerk
of the Circuit Court Hillsborough County

CASE NO: 06-CF-012453
DIVISION: B

RECEIVED
BY _____

FILED
DEC 8 2008
CLERK OF CIRCUIT COURT

| COUNT | CHARGE(S): |
|---|---|
| 1 | AGG.BATT. ON LAW ENFORCEMENT OFFICER — DEADL |
| 2 | OBSTRUCTING OR OPPOSING AN OFFICER WITH VIOLEN |
| ~~3~~ | ~~OBSTRUCTING OR OPPOSING AN OFFICER WITHOUT VIO~~ |

JUDGMENT AND SENTENCE

The above-named Defendant being now before the Court:
[ ] In proper person
[✓] With Counsel _Luke Lirot_
[ ] Counsel _____ appearing on Defendant's behalf for the above-mentioned charge and the Court being satisfied that the said plea, if applicable, was entered voluntarily and with understanding of the consequences, and that there is a factual basis to accept it
[✓] SAA _Kyle Pennington_

Having:
[ ] Entered a plea of Guilty      [ ] Entered a plea of Nolo Contendere
[✓] Entered a plea of Guilty to the lesser charge on count _CT1 Assault on Law Enforcement Officer_
[ ] Been tried and found guilty
[ ] Admitted to VOP/VOCC _____    [ ] Found In Violation

[ ] The Court adjudicates the defendant guilty of said charge
[✓] The Court withholds adjudication of guilt

It is the order of the Court that the defendant:
[✓] Pays all mandatory court costs assessed pursuant to Court Order
[✓] Be placed on Probation for a period of __12__ days / months / years for count(s) _CT 1_ with conditions:
[ ] Be placed in Community Control I / Community Control II for count(s) ____
[ ] Community Control ( I / II ) ____ days / months / years for count(s) ____
[ ] Followed by Probation of ____ days / months / years for count(s) ____
[ ] Incarceration Followed by   [ ] Probation        [ ] Community Control I / II
                                 [ ] Probation Revoked   [ ] Community Control revoked

[ ] Other counts sentenced as follows: ____

[ ] Dismissed ____   [ ] Time Served ____   [✓] Nolle Prosse _CT 2_

Committed to the custody of the Sheriff of Hillsborough County, Florida for incarceration in the:
[ ] County Jail ____  [ ] SRCJ ____  [ ] SRCJO ____  [ ] with credit for time served ____

as well as the standard conditions of probation specified by a separate Order entered by Department of Corrections, if any.

[ ] Concurrent with ____       [ ] Consecutive to ____

DONE AND ORDERED IN HILLSBOROUGH COUNTY, FLORIDA, THIS 8TH DAY OF DECEMBER 2008.

_____
CIRCUIT COURT JUDGE GREGORY P HOLDER

LOZIER, KEITH
DEFENDANT

FILED
DEC 4 2008
CLERK OF CIRCUIT COURT

# FINGERPRINTS OF DEFENDANT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|
|  |  |  |  |  |
| **6. Left Thumb** | **7. Left Index** | **8. Left Middle** | **9. Left Ring** | **10. Left Little** |
|  |  |  |  |  |

Fingerprints taken by: D ALEXANDER 3082 B.A. LIEF
NAME TITLE

I HEREBY CERTIFY that the above and foregoing are the fingerprints of the defendant, ______________, and that they were placed thereon by the defendant in r presence in open court this date.

DONE AND ORDERED in open court in Hillsborough County, Florida, this 4 day of DEC, 20 08.

JUDGE

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH)

THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE DOCUMENT ON FILE IN MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL THIS ........... DAY OF................ 20......

PAT FRANK, CLERK
BY................................D.C.