UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH E. TOZIER,

                    Plaintiff,

v.                                    Case No. 8:10-cv-2750-T-33EAJ

CITY OF TEMPLE TERRACE, et al.,

                    Defendants.

_____/


**ORDER**

This matter is before the Court pursuant to Defendants'[1]
Motion to Dismiss or in the Alternative Motion for a More
Definite Statement (Doc. # 4) and Motion for Sanctions (Doc.
# 19).  Plaintiff Tozier filed a brief Response in opposition
to the Motion to Dismiss (Doc. # 11), but has failed to file
a response to the Motion for Sanctions.  For the reasons
discussed herein, the Court finds that the motions are due to
be granted.

I.   Background

Tozier alleges that on or about June 24, 2006, he was
arrested by police officers of the Temple Terrace Police
Department.  Tozier alleges that he was charged with

---

[1]City of Temple Terrace, City of Temple Terrace Police
Department, Michael Hensel, Robert Staley, Michael Desmarais, and
Marcus Hilebrand, individually and in their official capacities
("Temple Terrace").

"aggravated battery on a law enforcement officer with a deadly weapon and ... resisting arrest without violence" and that he was prosecuted by the State Attorney on those charges. Tozier further asserts that "on December 4, 2008, the original charge of aggravated battery on a law enforcement officer was reduced with adjudication withheld."

Tozier filed an action in state court, which was subsequently removed to this Court. Tozier's Amended Complaint (Doc. # 2) alleges the following counts: Count I: Violations of 42 U.S.C. § 1983: False Arrest; Count II: Violations of 42 U.S.C. § 1983: False Detention-Confinement-Imprisonment; Count III: Violations of 42 U.S.C. § 1983: Excessive Force/Brutality; Count IV: Violations of 42 U.S.C. § 1983, § 1985: Conspiracy to Violate Civil Rights; Count V: Violations of 42 U.S.C. § 1983: Refusing or Neglecting to Prevent - Failure to Train & Supervise Deliberate Indifference; Count VI: Malicious Prosecution; Count VII: Malicious Abuse of Process; Count VIII: False Arrest - Confinement & Imprisonment; [there is no Count IX alleged]; Count X: Conspiracy; Count XI: Intentional Infliction of Emotional Distress; Count XII: Trespass/Invasion; Count XIII: Trespass/Invasion; [there is a second Count XIII alleged] Count XIII: Assault - Battery; and Count XIV: Damages.

II.   <u>Discussion</u>

    A.   <u>Motion to Dismiss</u>

        i.   <u>Standard of Review</u>

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). In all, determining whether a complaint states a plausible claim for

-3-

relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

   ii. Analysis

   Temple Terrace first argues that Temple Terrace Police Department is not a proper defendant.[2]  This Court agrees.

> Florida has examined the question as to the correct party in interest as it pertains to police departments and found the city or municipal corporation to be the proper party.  See Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990); Florida City Police Dept. v. Corcoran, 661 So.2d 409 (Fla. 3d DCA 1995).  In so finding, the courts have reasoned that the police department is the vehicle through which the city fulfills its policing functions.  Therefore, the Florida courts have found that the city police department is not a legal entity and has no legal existence separate and apart from the city.  Corcoran, 661 So.2d at 410.

Mann v. Hillsborough County Sheriff's Office, 946 F. Supp. 962, 970-71 (M.D. Fla. 1996).  Under Florida law, police departments are not legal entities amenable to suit.  See Williams v. Miami-Dade Police Dep't, 297 F. App'x 941 (11th Cir. 2008); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990); Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989); Shelby v. City of Atlanta, 578 F. Supp.

---

  [2]Tozier fails to respond to this argument in his response to the Motion to Dismiss.  See Doc. # 11.

1368, 1370 (N.D. Ga. 1984).  Accordingly, this action must be dismissed as to the Temple Terrace Police Department.

Temple Terrace next moves to dismiss all the state tort claims as to the City of Temple Terrace and the officers in their official capacities because Tozier has failed to comply with the notice provisions of Florida Statutes § 768.28.

Florida Statutes § 768.28(6)(a), in pertinent part, states:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency ... within 3 years after such claim accrues...

Fla. Stat. § 768.28(6)(a).

Temple Terrace does not contest that Tozier did in fact mail a notice letter to the City of Temple Terrace Police Department, which was stamped received on June 30, 2009.  See Doc. # 4, Exh. A.  Additionally, the City of Temple Terrace Police Department notes receiving an amended notice letter from Tozier dated June 24, 2008, but received July 28, 2009. See Doc. # 4, Exh. B.  Temple Terrace does argue, however, that the incident/arrest of which Tozier complains occurred on June 24, 2006, and Tozier, therefore, failed to comply with the mandatory three-year period in which to serve the notice on Temple Terrace.  This Court finds this argument to have merit.

Tozier offers a very limited, one-paragraph response in regard to the notice required under § 768.28. Specifically, Tozier argues that he had three years from the date the charges were dismissed against him on December 4, 2008. Tozier states that he served the notice well within this time frame "and, if not, Plaintiff will assert equitable estoppel." Doc. # 11 at ¶ 4.[3]

The date upon which an action accrues for false arrest or unlawful seizure is the date of the false arrest or unlawful seizure. See Diaz v. Metro Dade Police Dep't, 557 So.2d 608, 609 (Fla. 3rd DCA 1990); Hansen v. State, 503 So.2d 1324, 1326 (Fla. 1st DCA 1987); Leatherwood v. City of Key West, 347 So.2d 441, 442 (Fla. 3d DCA 1977). Tozier's arrest occurred on June 24, 2006. As such, Tozier's notice was untimely as to his state law false arrest claim and the other state law tort claims that accrued upon Tozier's arrest including trespass/invasion and assault-battery.

As Tozier failed to comply within the statutorily prescribed noticing period, which is a condition precedent to filing state tort causes of action for false arrest,

_____

[3]The Court need not address Tozier's equitable estoppel argument, however, as Tozier does not even allude to a basis for equitable estoppel. Assertion of equitable estoppel should have been made in Tozier's response to the Motion to Dismiss. The Court is unsure of when Tozier otherwise expected an opportunity to assert equitable estoppel in response to the Motion to Dismiss.

trespass/invasion, and assault/battery against Defendant City of Temple Terrace, Tozier is precluded from filing this suit as to these state torts against the City of Temple Terrace or any of the officers in their official capacities.

A claim for malicious prosecution generally accrues upon prevailing in the criminal prosecution. See Cazares v. Church of Scientology of Cal., Inc., 444 So.2d 442, 447 (Fla. 5th DCA 1983). Accordingly, Tozier's claim for malicious prosecution would not have accrued until December 4, 2008. Tozier's notice was served within three years of the accrual of the malicious prosecution claim. The City of Temple Terrace, however, cannot be sued for malicious prosecution. Fla. Stat. § 768.28(9)(a); see City of Coconut Creek v. Fowler, 474 So.2d 820, 822 (Fla. 4th DCA 1985); Hambley v. State DNR, 459 So.2d 408, 411 (Fla. 1st DCA 1984)(malicious prosecution claim barred by sovereign immunity); Johnson v. State Dep't of Health & Rehab. Servs., 695 So.2d 927, 930 (Fla. 2d DCA 1997)(sovereign immunity provisions of Fla. Stat. § 768.28(9) bar an action for malicious prosecution against the state or its subdivisions); Sebring Utils. Comm'n v. Sicher, 509 So.2d 968, 970 (Fla. 2d DCA 1987); Craven v. Metro Dade County, 545 So.2d 932, 933 (Fla. 3d DCA 1989). Accordingly, the state law claims for malicious prosecution and malicious abuse of process must be dismissed as to the City of Temple Terrace.

In summary, the following counts must be dismissed as to the City of Temple Terrace and the officers in their official capacities for failing to comply with the notice requirements of § 768.28, Counts VIII, XII and both Counts XIII.  Counts VI and VII for malicious prosecution and malicious abuse of process are also dismissed as discussed above.

Temple Terrace next moves to dismiss Count IV (42 U.S.C. § 1983; 1985 - Conspiracy to Violate Civil Rights) and Count X (Conspiracy pursuant to state law).  Temple Terrace argues that the intracorporate conspiracy doctrine prevents recovery under either count as to the City of Temple Terrace and as to the officers in their official and individual capacities. Tozier again failed to offer a response to this argument.

The intracorporate conspiracy doctrine holds that the acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy.  McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000).  In other words, a corporation cannot conspire with its employees, and its employees cannot conspire among themselves when they are acting within the scope of their employment as is alleged numerous times in the Amended Complaint.  Id.  The intracorporate conspiracy doctrine applies to claims pursuant to 42 U.S.C. § 1985, id. at 1037-38, and to civil rights

-8-

cases.   A.B.   v.   Seminole   County   Sch.   Bd.,   No. 6:05CV802ORL31KRS, 2005 WL 2105961, at * 9  (M.D. Fla. Aug. 31, 2005); Denney v. City of Albany, 247 F.3d 1172, 1190-91 (11th Cir. 2001).  This doctrine applies not only to private corporations, but also to public, government entities. Dickerson v. Alachua County Comm'n, 200 F.3d 761, 767 (11th Cir. 2000).

As the only defendants in this case are the City of Temple Terrace and the officers of the City of Temple Terrace Police Department, there is not the multiplicity of actors necessary to make a conspiracy possible.  The intracorporate conspiracy doctrine necessitates dismissal of Counts IV and X.

Finally, Temple Terrace moves the Court to require a more definite statement from Tozier as to the allegations in the Amended Complaint.  Specifically, Temple Terrace points to confusing and repetitive allegations that constitute a shotgun pleading; counts that adopt previous counts; extraneous and inapplicable federal claims; inappropriate allegations of joint and several liability; and the use of a separate count for damages.  The Court finds all these points well taken and grants its motion for a more definite statement as to the surviving counts.

B.   <u>Motion for Sanctions</u>

i.   <u>Standard of Review</u>

By presenting to the court a pleading, written motion, or other paper, an attorney certifies to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the legal contentions are warranted by existing law or a nonfrivolous argument for extending or modifying existing law or for establishing new law and the factual contentions have evidentiary support (or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery). Fed. R. Civ. P. 11(b)(2-3); <u>see also Lee v. Mid-State Land & Timber Co., Inc.</u>, 285 F. App'x 601, 608 (11th Cir. 2008).

Sanctions are appropriate pursuant to Rule 11 "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." <u>Worldwide Primates, Inc. v. McGreal</u>, 87 F.3d 1252, 1254 (11th Cir. 1996)(quotation and citation omitted).

"Sanctions may be imposed on the attorney, law firm, or party if Rule 11 is violated, the offending party is provided

with an opportunity to withdraw the objectionable pleading and fails to do so, and a motion for sanctions is filed with the court." Lee, 285 F. App'x at 608 (citing Fed. R. Civ. P. 11(c)(1-2)).

A court generally conducts a two-part inquiry when considering a motion for sanctions: (1) whether the party's claims are objectively frivolous in view of the facts or law; and if so, (2) whether the person who signed the pleadings should have been aware that they were frivolous. See Worldwide Primates, 87 F.3d at 1254. Even if counsel had a good faith belief that the claims were sound, sanctions must be imposed if counsel failed to make a reasonable inquiry. Id.

ii. Analysis

Temple Terrace moves this Court for sanctions against Tozier, his counsel, Daniel K. Schaffner, Luke Lirot, Ann Allison and their respective law firms for violation of Rule 11(b) and Florida Statutes § 57.105.[4] Temple Terrace argues

---

[4]Section 57.105, Fla. Stat., states in pertinent part:
(1)   Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or

(continued...)

that it has obtained a certified copy of a Judgment and
Sentence from the case file in the criminal case against
Tozier that reflects Tozier's plea of guilty to the crime of
Assault on a Law Enforcement Officer, a misdemeanor of the
first degree under § 784.07, Fla. Stat.  See Doc. # 19, Exh.
A.  Based on this plea, Temple Terrace asserts that Tozier's
Amended Complaint (Doc. # 2) and the allegations therein
violate the provisions of Rule 11 and § 57.105 of the Florida
Statutes.  Again, Tozier has failed to file a response to this
motion.

Tozier alleges in the Amended Complaint that on or about
June 24, 2006, he was arrested by officers of the Temple
Terrace Police Department.  Tozier alleges that he was charged
with "aggravated battery on a law enforcement officer with a
deadly weapon, resisting arrest with violence and resisting
arrest without violence" and that he was prosecuted by the
State Attorney on those charges.  See Doc. # 2 at ¶ 70.
Tozier further asserts that "[o]n December 4, 2008, the
original charge of aggravated battery on a law enforcement

---

[4](...continued)
defense when initially presented to the court or at any
time before trial:
(a)  Was not supported by the material facts necessary
to establish the claim or defense; or
(b)  Would not be supported by the application of then-
existing law to those material facts.

-12-

officer was reduced with adjudication withheld, and the resisting arrest with violence was nolle prossed." <u>See</u> Doc. # 2 at ¶ 94. Temple Terrace now points to the omission by Tozier that on that same date, Tozier, along with his criminal defense attorney Luke Lirot (who now appears as co-counsel in this action), entered a plea of guilty to the lesser charge of Assault on a Law Enforcement Officer, as is reflected on the Judgment and Sentence. <u>See</u> Doc. # 19, Exh. A. Temple Terrace argues that most or all of Tozier's claims in his Amended Complaint are predicated upon his assertions that his arrest on June 24, 2006, and his prosecution on charges stemming from that arrest were not based upon probable cause, which is belied by his plea of guilty to Assault on a Law Enforcement Officer, a violation of § 784.07, Fla. Stat.

Under Florida law, a plea of guilty to the lesser charge of Assault on a Law Enforcement Officer is equivalent to a conviction. Fla. Stat. § 960.291(3) (a conviction means a guilty verdict by a judge or jury, or a guilty or nolo contendre plea by a defendant, regardless of adjudication of guilt); <u>see also</u> <u>Behm v. Campbell</u>, 925 So.2d 1070, 1072 (Fla. 5th DCA 2006)(no contest plea constituted conviction under Florida law even though adjudication was withheld barring false arrest and battery claims stemming from arrest).

Tozier entered a guilty plea to the charges that arose out of his arrest and now seeks to have this Court review the constitutionality of the seizure under § 1983.  This would necessarily implicate the validity of the charges for which he has already admitted guilt.  Under <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), a plaintiff is precluded from bringing a § 1983 claim for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he shows that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254.  The Court is unaware that any of these pre-conditions to suit have been met.  The "existence of probable cause at the time of arrest ... constitutes an absolute bar to a section 1983 action for false arrest."  <u>Case v. Eslinger</u>, 555 F.3d 1317, 1326-27 (11th Cir. 2009)(quotations and citations omitted).

In addition, a judgment of conviction is conclusive evidence of probable cause, unless the judgment was obtained by fraud, perjury, or other corrupt means.  <u>Behm</u>, 925 So.2d at 1072 (citing <u>Moody v. City of Key West</u>, 805 So.2d 1018 (Fla. 3d DCA 2001); <u>Carter v. City of St. Petersburg</u>, 319 So.2d 602

-14-

(Fla. 2d DCA 1975)).  Again, the Court has no allegation or evidence that Tozier's plea was obtained by fraud or any corrupt means.  As such, Tozier's conviction establishes probable cause for his arrest.  Accordingly, the conviction and existence of probable cause are a bar to a false arrest claim.  See Rushing v. Parker, 599 F.3d 1263, 1265 (11th Cir. 2010).

Likewise, Tozier's claims of malicious prosecution and abuse of process are barred as they also rely upon a claim of absence of probable cause.  See Williams, 297 F. App'x at 946-47 (discussing absence of probable cause as an element of malicious prosecution and § 1983 claims founded on malicious prosecution); see also Sharp v. City of Palatka, 529 F. Supp. 2d 1342, 1350-51 (M.D. Fla. 2007).  Failure to establish any element of malicious prosecution is fatal to the claim.  Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1355 (Fla. 1994).  Similarly, Tozier's battery claim is foreclosed.  See Ojegba v. Murphy, 178 F. App'x 888 (11th Cir. 2006)(allegations in civil suit that contradict plaintiff's plea of guilty to criminal charges should be rejected).  In summary the existence of probable cause forecloses Tozier's claims under Counts I, II, IV, VI, VII, VIII, X, XII, XIII and the second misnumbered XIII.

As for the sanctionability of the assertion of these claims, the Court finds that these claims are objectively frivolous in view of the facts  presented to the Court; specifically, the facts that Tozier pled guilty to a misdemeanor crime stemming from the arrest and that plea constitutes a conviction and conclusive proof of probable cause for his arrest and prosecution.  The existence of probable cause establishes the validity of the arrest and the prosecution, and it forecloses, as a matter of law, claims that rely upon the nonexistence of probable cause as a element of the claim.

In addition, the Court finds that the person who signed the pleadings should have been aware that they were frivolous. Tozier pled guilty on December 4, 2008, and his counsel, Luke Lirot, was present when the plea was taken.  Tozier did not file his Amended Complaint in this action until November 22, 2010.  Not only should Tozier's counsel have been aware of the frivolousness of these claims when they filed the initial pleading but they have continued to advocate the claims against Temple Terrace's Motion to Dismiss.

Temple Terrace requests that the Court award the attorneys' fees and costs associated with the Motion for Sanctions and that the Court dismiss with prejudice those

claims that violation Rule 11(b).  Such request is reasonable, warranted, and hereby granted.[5]

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

(1)  Defendants' Motion to Dismiss or in the Alternative Motion for a More Definite Statement (Doc. # 4) is **GRANTED.**

(2)  Defendants' Motion for Sanctions (Doc. # 19) is **GRANTED.**

(3)  Plaintiff is directed to file a second amended complaint complying with the guidelines and restrictions discussed herein by September 22, 2011.  The Court notes that the claims remaining include a claim for excessive force/brutality pursuant to 42 U.S.C. § 1983; a claim for failure to train and supervise pursuant to 42 U.S.C. § 1983; and a state law claim for intentional infliction of emotional distress as to the officers in their individual capacities only.

(4)  Defendants shall file their motion for attorneys' fees and costs associated with their Motion for

---

[5]The Court notes that counsel for Temple Terrace has certified compliance with the safe harbor provision of Rule 11.  <u>See</u> Doc. # 19 at 12.

Sanctions by September 22, 2011.   Any response
thereto shall be filed within 14 days of the date
of the motion.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u>
day of September, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record